# PEOPLE ex rel. BORRELL v. A. G. BOGGS.

COUNTY BOUNDARIES — CONSTITUTIONAL LAW—SURVEYOR-GENERAL.—Section 3872, Political Code, makes the lines run by the surveyor-general for the boundary between the counties-of Sonoma and Napa conclusive, and said section is not unconstitutional.

APPEAL from a judgment for the plaintiff, in the Superior Court, County of Napa. WALLACE, J.

The action was brought to recover a sum of money paid by the respondent under protest to the appellant as tax collector of Napa County. The plaintiff claimed that the lands upon which the taxes were paid were not in the county of Napa but in the county of Sonoma. The defendant had judgment.

After the decision in Department, the appellant filed his petition that the appeal be reheard in Bank, and the application was denied.

*Stanly, Stoney & Hayes*, and *Frank L. Coombs*, for Appellant.

The Legislature alone can establish county boundaries; the act under which the surveyor-general acted is unconstitutional, if it be so construed as to hold that the action of the surveyor-general was conclusive. (Cooley Const. Lim. 368, 369; *Corbin* v. *Hill*, 21 Iowa, 70; *Allen* v. *Armstrong*, 16 id. 508; *Wright* v. *Bradlebaugh*, 3 Nev. 349.)

*William D. Bliss*, for Respondent.

The Legislature may direct that a particular person may ascertain (make certainly known) the boundaries of counties.

By the COURT:

The question in this case is as to the conclusiveness of the survey of the boundary line between Sonoma and Napa Counties, as approved by the surveyor-general of this State. The Court below held that it was conclusive, and refused to receive evidence to contradict the survey.

Section 3972 of the Political Code reads: "All surveys finally approved under the provisions of this chapter are conclusive ascertainments of lines and corners included therein."

Either the above section is unconstitutional, or the survey is conclusive. It is claimed that the section is unconstitutional, in that it attempts to confer on the surveyor-general judicial functions. We do not think that the functions exercised by him are judicial in their character; he is not, under that section, to decide what is the law. The Legislature had already, in regard to the boundary between the two counties, fixed the law; viz., that the summit of the dividing ridge should be the dividing line. We think it was competent for the Legislature to direct its officer to go upon the ground and run his lines along that ridge; and in doing so, he was acting more in a ministerial capacity; and we think that it was competent for the Legislature to declare that the lines so run, that is, the location of the boundary line upon the ground, should be thereby defined and fixed.

No question is presented of improper action on the part of the surveyor-general.

Judgment affirmed.